**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

JOSEPH JILES,

          Plaintiff,

    -vs-                                            Case No.   14-CV-545

MATTHEW FRANK, RICK RAEMISCH,
WILLIAM POLLARD, GREG GRAMS,
WARDEN PHIL KINGSTON, GARY ANKARLO,
STEVEN SCHMIDT, DR. KALLAS,
DR. VANDERBROOK, JOHN DOE, sued as Dr. Doe,
DR. BREEN, and JOHN AND JANE DOES,

          Defendants.

## DECISION AND ORDER

The plaintiff has filed a motion for reconsideration of the Court's order denying his motion to appoint guardian ad litem and for a competency determination. The Court denied the motion because the plaintiff did not provide verifiable evidence of incompetence. The motion stated that he attached an affidavit but no affidavit was attached. Likewise, the motion stated that the plaintiff was committed to a mental health facility but he was/is incarcerated at Columbia Correctional Institution.

In support of his motion for reconsideration, the plaintiff states that he has now included the appropriate documentation. Attached to his motion is a letter dated November 2, 2011, from staff psychiatrist at Wisconsin Resource Center to the director, Mr. Bartow,

requesting that the plaintiff be committed because he is dangerous to himself. The letter advises that Mr. Jiles is mentally ill, suffering from Psychosis with a History of Intermittent Explosive Disorder. The remainder of the plaintiff's motion for reconsideration requests that the Court recruit counsel to represent him in this action

>The second sentence of Rule 54(b) states that:
>
>any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

A district court will grant a motion for reconsideration when: (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court. *Bank of Waunakee v. Rochester Cheese Sales Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

The plaintiff has not shown that the Court erred in denying his motion for guardian ad litem and a competency hearing. The November 21, 2011, letter does not establish that the plaintiff has been adjudicated incompetent. Therefore, his motion for reconsideration will be denied. To the extent that the plaintiff requests that the Court recruit a pro bono attorney to represent him, he is advised that he must first try to find an attorney

on his own. To satisfy that requirement, the plaintiff should provide the Court with the names of at least three attorneys that he has contacted in the last twelve months regarding this case.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for reconsideration (Docket # 14) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 24th day of October, 2014.

**SO ORDERED,**

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**